Michael A. Shumrick
Jean Y. Meyer
Meyer Construction Law, LLC
428 E Mendenhall
Bozeman, MT 59715
Tel: (406) 219-8422
shumrick@meyerconstructionlaw.com
meyer@meyerconstructionlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| ANDREW MACELROY, an individual, | Case No.: |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| EXP REALTY, LLC, a Washington limited liability company; | |
| Defendant. | |

COMES NOW, Plaintiff, Andrew MacElroy ("Plaintiff" unless specifically referred to otherwise), by and through his undersigned counsel, Meyer Construction Law, LLC, and hereby submits his Complaint and Jury Demand as follows:

**PARTIES**

1. Plaintiff Andrew MacElroy is an individual who is a resident of the State of Montana, and he currently resides at 63 Wheatland Meadows Drive, Three Forks, MT 59752 ("Home"). The Home is located in Broadwater County, State of Montana. Plaintiff is the title owner of the Home.

1

2. Defendant EXP Realty, LLC ("EXP"), is a Washington limited liability company with a principal address of 2219 Rimland Drive, Suite 301, Bellingham, WA 98226. EXP served as the brokerage company in connection with the sale of the Home to Plaintiff.

3. In the Buy-Sell Agreement governing the purchase of the Home by Plaintiff, individuals identified as Charles Eastty and Leana Eastty are identified as the sellers' agents. Charles Eastty and Leana Eastty were brokers for EXP at the time of the sale of the Home to Plaintiff and served as the brokers for the particular transaction of Plaintiff buying the Home. Charles Eastty and Leana Eastty were licensed as brokers by the State of Montana Board of Realty Regulation.

4. Charles Eastty and Leana Eastty are husband and wife, that, upon information and belief, have worked at EXP brokering sales for years prior to the transaction at issue in this lawsuit.

5. Upon information and belief, Charles Eastty had an endorsement on his brokers license as being a supervising broker for EXP at the time of the sale of the Home to Plaintiff and acted as the supervising broker for EXP during the transaction.

6. At all times relevant to the sale and purchase of the Home to Plaintiff, Charles Eastty and Leana Eastty were acting within scope of their employment at EXP as supervising broker and broker, respectively, as well as sellers' agents.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00 and Plaintiff and EXP are citizens of different states.

8. Venue is proper in the Helena Division of the District of Montana because contracts giving rise to this lawsuit were to be performed in Broadwater County, the Home subject to this

action is located in Broadwater County, performance of defective work subject to this action occurred in Broadwater County, and land and real property implicated in this action are located in Broadwater County.

**GENERAL ALLEGATIONS**

9. Upon information and belief, in or around June of 2024, the former owners of the Home, John and Kathy Petrlich, listed the Home for sale. Plaintiff entered into a Buy-Sell Agreement with the Petrlichs on July 12, 2024, to purchase the Home, with a closing date of August 15, 2024. The original sales prices was $675,000.

10. On July 13, 2024, the Petrlichs and Plaintiff executed a counteroffer, with an ultimate sales price for the Home being $699,000.

11. Within the Buy-Sell Agreement, Charles Eastty and Leana Eastty are identified as sellers' agents, working on behalf of EXP.

12. EXP served as the listing and brokerage company for the sale of the Home.

13. Charles Eastty and Leana Eastty served as the brokers and sellers' agents in their capacities as employees of EXP, and ultimately on behalf of the Petrlichs. Upon information and belief, Charles Eastty acted as the supervising broker of Leana Eastty for the transaction, even though both Charles Eastty and Leana Eastty were both acting as brokers for the transaction.

14. As part of the sales process, EXP, Charles Eastty, and Leana Eastty, in their capacities as brokers, sellers' agents, and employees of EXP, created a Montana Association of Realtors Property Disclosure Statement ("Disclosure Statement") for the Home, which is dated June 4, 2024. Plaintiff received a copy of the Disclosure Statement only after he was already under contract for the Home.

15. Under Montana law, brokers and listing/seller's agents are required to disclose to a buyer, such as Plaintiff, all material adverse facts about a home known to them at the time of sale. They are required to do so through a disclosure such as the Disclosure Statement signed by Charles Eastty, Leana Eastty, and EXP for this transaction.

16. As seller's agents, under § 37-51-313, Mont. Code Ann., Charles Eastty, Leana Eastty, and EXP owed the following duties to Plaintiff during the sales transaction:

   a. A seller agent is obligated to the buyer to:

      i. disclose to a buyer or the buyer agent any adverse material facts that concern the property and that are known to the seller agent, except that the seller agent is not required to inspect the property or verify any statements made by the seller;

      ii. disclose to a buyer or the buyer agent when the seller agent has no personal knowledge of the veracity of information regarding adverse material facts that concern the property;

      iii. act in good faith with a buyer and a buyer agent; and

      iv. comply with all applicable federal and state laws, rules, and regulations.

17. Pursuant to Rule 24.210.601 set forth by Montana's Department of Labor and Industry, Board of Realty Regulation's subchapter applicable to Broker's and Salespersons a Supervising Broker is "responsible for the performance of salespeople under the supervising brokers' supervision." Therefore, Charles Eastty, in his capacity as supervising broker, was responsible for the conduct and actions of Leana Eastty as it related to sale of the Home, even though Leana Eastty was acting as a broker as well.

18.     As applicable to the Home, Charles Eastty, Leana Eastty, and EXP breached their duties as detailed in both § 37-51-313, Mont. Code Ann. and Rule 24.210.601.

19.     Prior to closing on the sale of the Home, Charles Eastty, Leana Eastty, and EXP, knew, or should have known, of the following adverse material facts that were never disclosed to Plaintiff:

    a. That the specific lot on which the Home was built had expansive soils and consequently required a geotechnical investigation and engineered design based on the results of the geo-technical investigation, something not done here.

    b. That Leana Eastty worked for the builder of the Home, KIII Construction, at the time of its construction and held knowledge of KIII Construction's shoddy construction practices.

    c. That, because Leana Eastty worked for KIII Construction, she knew the Home, and other Homes built specifically by KIII Construction in the area, were failing.

    d. That, because Leana Eastty worked for KIII Construction, no geo-technical report or investigation of the soil had been made on the lot on which the Home was built prior to construction of the Home.

    e. That, because Leana Eastty worked for KIII Construction, the foundation system and water management system at the Home was not designed by a licensed engineer.

    f. That the foundation system and water management system was inadequate for the soil type on which the Home was built.

    g. That in August of 2023, prior to the sale of the Home to Plaintiff, Leana Eastty consulted with an engineer regarding the Home, who told her that the Home was at significant risk of failing due to heaving/expansive soils.

    h. That prior to the sale of the Home to Plaintiff, Leanna Eastty consulted with an engineer who advised her as to the pervasiveness of problems with KIII Construction homes in the neighborhood.

    i. That the Home had been experiencing excessive differential movement given the foundation construction / design prior to Plaintiff buying it.

    j. That the Home was constructed with construction defects including, but not limited to a defective foundation system, defective grading and drainage, and defective moisture management systems, among other defects.

    k. That the builders and contractors who constructed the Home failed to follow a reasonable standard of care.

    l. That KIII Construction, who constructed the Home, was being sued by several homeowners in the same neighborhood, who had previously purchased homes from the KIII Construction, and which were alleged to be failing (the other pending claims against KIII now total 13 other failing homes in the same neighborhood). Therefore, given the volume of complaints and lawsuits from other homeowners regarding KIII's other homes in the same neighborhood, which were known to be failing, it was therefore likely that the Home, would similarly fail.

    m. That because so many other homeowners had, and were in the process of, bringing claims against KIII Construction, that if the Home failed, it was probable that KIII

6

Case 6:25-cv-00059-JTJ   Document 1   Filed 08/07/25   Page 7 of 14

Construction's insurance would likely be exhausted, should any issues arise with the Home.

20. Prior to contracting / closing on the Home, Charles Eastty, Leana Eastty, and EXP did not disclose the above adverse material facts to Plaintiff.

21. Charles Eastty's, Leana Eastty's, and EXP's conduct went beyond nondisclosure of known material adverse facts. Their conduct amounted to intentional non-disclosure and misrepresentation. When consulting with an engineer in August of 2023 regarding known issues with the Home, Leana Eastty wrote to the engineer that she did not want to scare potential buyers, like Plaintiff, away from purchasing the Home. Her written statement is as follows:

> "To add the layers: [the Petrlichs] are also trying to sell this house and so we need to be able to confidently disclose that the foundation is not affected by this issue. I am technically a listing agent on the home and want to cover my butt as well in disclosing any potential issues to buyers without scaring them off of buying the house."

22. In this statement, Leane Eastty, who was a broker and employee of EXP, and who was, upon information and belief, being supervised by Charles Eastty, stated that she knew there were serious problems with the foundation of the Home, but, in order to sell it, wanted to disclose as little as possible to avoid scaring away potential buyers. In addition, the issues with the foundation Leana Eastty writes that she was concerned about have existed at the Home well prior to Plaintiff purchasing the Home, and they continue to exist to this day. Yet, Leana Eastty, Charles Eastty, and EXP did not disclose the specific known issues with the Home's foundation.

23. Plaintiff now knows that there are severe problems with the foundation of the Home. The Home currently suffers from the following:

    a. Intolerable differential vertical movement of the foundation and framing causing resultant property damage throughout the Home, including, but not limited to

7

    drywall distress, racked doors, uneven floor surfaces, gaps in the pony wall framing, and damage to interior trim.

  b. A foundation that was constructed without an engineered design, when such design was required.

  c. In the alternative, a foundation that was constructed contrary to an engineered design, when following the engineered design was required.

24. Upon information and belief, Charles Eastty and EXP had been involved with previous sales of KIII Construction's home and also had knowledge that the Home's foundation was not engineered and was built contrary to applicable building codes, yet still did not disclose this information to Plaintiff. A foundation system that is failing is an adverse material fact that would have caused Plaintiff to not purchase the Home.

25. Considering that Leana Eastty and Charles Eastty are married, and had brokered sales on other KIII Construction homes that were failing, Charles Eastty, as the supervising broker, should have insisted that they supplement the Disclosure Statement to include known construction defects specific to the Home and the pervasive known failures of KIII Construction's other homes in the same neighborhood. However, Charles Eastty, Leana Eastty, and EXP all failed to do so.

26. Charles Eastty, Leana Eastty, and EXP all breached their duties of care by failing to disclose the above adverse material facts.

27. As the listed brokerage company in the Buy-Sell Agreement, and by having Charles Eastty and Leana Eastty sign the defective Disclosure Statement, EXP is legally and vicariously liable for the negligence and intentional torts committed by Leana Eastty and Charles Eastty.

28. Each of the nondisclosed facts, as set forth above, was an adverse material fact or information that was pertinent to the decisions of prospective purchasers, including Plaintiff, whether or not to purchase the Home, and accept financial responsibility for the Home, and should

8

have been disclosed prior to sale. In addition, each of these facts is an adverse material fact that should have been disclosed to Plaintiff by EXP, Charles Eastty, and Leana Eastty.

29. The Home requires extensive repairs, and possibly even demolition and rebuilding, causing Plaintiff to incur substantial damages. Plaintiff would not have bought the Home but for EXP's, Charles Eastty's, and Leana Eastty's negligence and intentional nondisclosure.

30. To the extent EXP should assert as a defense a potentially applicable statute of limitations or repose, or other time-bar, EXP is estopped to assert such a defense here due to its negligent repair misrepresentations and/or repairs, the doctrines of concealment and estoppel, any of which serve to toll any potentially applicable time-bar here.

## **EXP'S VICARIOUS, IMPUTED, JOINT AND SEVERAL LIABILITY**

31. EXP's various employees, agents, and/or independent contractors involved in the sale of the Home, specifically including Leana Eastty and Charles Eastty, were responsible for the damages incurred by Plaintiff. Leana Eastty and Charles Eastty both served as brokers and employees of EXP while committing the tortious conduct described in this Complaint.

32. EXP, Charles Eastty, and Leana Eastty, consciously and deliberately pursued a concerted and common plan, design, and course of conduct and action, expressly or impliedly, the execution of which common plan or design was done tortiously or otherwise wrongfully, as described elsewhere in this Complaint, resulting in the damages alleged herein. EXP is jointly and severally liable for the tortious conduct of Leana Eastty and Charles Eastty or otherwise wrongful acts.

33. At all times material to this Complaint, EXP acted through its officers, directors, managers, members, employees, agents, and other authorized representatives and, as such, is

vicariously liable for the conduct of such officers, directors, employees, agents, and other representatives, specifically including Charles Eastty and Leana Eastty.

### FIRST CLAIM FOR RELIEF
(Negligence causing resultant damages to Plaintiff (seller's agent / broker negligence) – Against EXP)

34. Plaintiff incorporates by reference the foregoing allegations.

35. Charles Eastty, Leana Eastty, and EXP owed duties, detailed above, to Plaintiff.

36. Charles Eastty, Leana Eastty, and EXP breached their duties, detailed above, owed to Plaintiff.

37. Charles Eastty and Leana Eastty breached these duties in the course and scope of their employment and positions as brokers at EXP.

38. Charles Eastty's, Leana Eastty's, and EXP's breach of their duties caused Plaintiff damages.

39. Had Plaintiff known of the material information which was not disclosed / concealed by EXP, Charles Eastty, and Leana Eastty, Plaintiff would not have bought the Home from the Petrlichs.

40. As a result of these breaches, Plaintiff suffered damages in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(Negligence *per se* resulting in damages to Plaintiff – Against EXP)

41. Plaintiff incorporates by reference the foregoing allegations.

42. EXP, Charles Eastty, and Leana Eastty owed Plaintiff a duty to comply with § 37-51-313, Mont. Code Ann. and Montana's Department of Labor and Industry, Board of Realty

Regulation applicable to Broker's and Salespersons Rule 24.210.601, among other statutory duties of care.

43. EXP, Charles Eastty, and Leana Eastty violated these statutes and rules, as described elsewhere in this Complaint.

44. Charles Eastty and Leana Eastty violated these statutes and rules in the course and scope of their employment and positions as brokers at EXP.

45. EXP's, Charles Eastty's, and Leana Eastty's breach of these statutes and rules damaged Plaintiff.

46. One of the purposes of theses statutes and rules was to protect against the type of damages sustained by Plaintiff.

47. Plaintiff represents a person these statutes and rules were intended to protect.

48. EXP's, Charles Eastty's, and Leana Eastty's violation of these statutes and rules constitutes negligence *per se* and Plaintiff has been damaged in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Misrepresentation/Nondisclosure causing resultant damage – Against EXP)

49. Plaintiff incorporates by reference the foregoing allegations.

50. EXP, Charles Eastty, and Leana Eastty caused or permitted misrepresentations of past and/or existing material facts to be made to Plaintiff regarding the design, construction, improvement, marketing, repair, and/or sale of the Home as more fully set forth elsewhere in this Complaint. Charles Eastty and Leana Eastty caused or permitted these misrepresentations to be made to Plaintiff in the course and scope of their employment and positions as brokers at EXP.

51. EXP, Charles Eastty, and Leana Eastty knowingly, intentionally, recklessly or negligently failed to disclose, caused the failure to disclose, or ratified the non-disclosure of

material information to Plaintiff, including, without limitation, certain material facts regarding the design, construction, improvement, marketing, repair, and/or sale of the Home as more fully set forth elsewhere in this Complaint, when EXP, Charles Eastty, and Leana Eastty had a duty to disclose these facts.

52. In causing or permitting such information to be communicated to Plaintiff, EXP, Charles Eastty, and Leana Eastty did so knowing the information was material and that the representations were false or made with reckless disregard as to whether the representations were true or false; furthermore, to the extent the misrepresentations concerned the above identified EXP's, Charles Eastty's, and Leana Eastty's present intent, they intentionally, recklessly and/or negligently misrepresented that present intent and had no reasonable ground to believe such misrepresentations to be true.

53. EXP, Charles Eastty, and Leana Eastty, or the persons whose acts and omissions they ratified, had a duty to cause the disclosure to Plaintiff of the true adverse material facts or information in an understandable manner.

54. EXP, Charles Eastty, and Leana Eastty failed to cause the disclosure of these adverse material facts or information to Plaintiff with the intent that Plaintiff rely on such information.

55. Plaintiff was unaware of the falsity or untruth of such misrepresentations and justifiably relied on EXP's, Charles Eastty's, and Leana Eastty's representations which Plaintiff now knows were false or untrue.

56. This reliance was a cause of physical harm and direct and consequential damage to Plaintiff's property and economic losses in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
(Joint Liability – EXP - § 27-1-703(3), M.C.A.)

57. Plaintiff incorporates by reference the foregoing allegations.

58. One or more parties may be jointly liable for all damages caused by the negligence of another if both or all acted in concert in contributing to a claimant's damages or if one party acted as an agent of the other.

59. As the Plaintiffs allege throughout this Complaint, EXP, Charles Eastty, and Leana Eastty consciously and deliberately pursued a concerted and common plan, design, and course of conduct and action, expressly or impliedly, the execution of which common plan or design was done tortiously or otherwise wrongfully, as described elsewhere in this Complaint, resulting in the damages alleged herein.

60. Leana Eastty acted as the agent of Charles Eastty.

61. Both Leana Eastty and Charles Eastty acted as the agent of EXP.

62. EXP is vicariously and jointly liable to Plaintiff for Charles Eastty's and Leana Eastty's tortious or otherwise wrongful acts in an amount to be proven at trial.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment against EXP as follows:

a. On all of Plaintiff's claims for relief in favor of Plaintiff and against EXP;

b. For general, economic, and non-economic damages in an amount to be determined at trial;

c. For prejudgment interest, post-judgment interest, and all other interest allowable by law;

d. Attorney fees and costs, to the extent allowed by statute, rule, or contract;

e. All other relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury on all issues so triable.**

DATED: August 7, 2025                                    MEYER CONSTRUCTION LAW, LLC

By: _____
Michael A. Shumrick
Jean Y. Meyer
Meyer Construction Law, LLC
428 E Mendenhall
Bozeman, MT 59715
Office: (406) 219-8422
shumrick@meyerconstructionlaw.com
meyer@meyerconstructionlaw.com
*Attorneys for Plaintiff Andrew MacElroy*